SINCLAIR REFINING COMPANY, Appellant,

v.

James C. TOOMEY and John J. Toomey, Trustees, under the Will of Ellen C. Toomey, deceased, Appellees.

No. 17736.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 20, 1963.

Decided Feb. 6, 1964.

Mr. John P. Arness, Washington, D. C., with whom Mr. Frank F. Roberson, Washington, D. C., was on the brief, for appellant.

Mr. Harry L. Ryan, Jr., Washington, D. C., for appellees.

Before DANAHER, BURGER and MC-GOWAN, Circuit Judges.

PER CURIAM.

On June 12, 1958 about 10:30 P.M., a lady was seriously injured when she fell into a stairwell, immediately adjacent to a public alley. The stairwell led from the alley to the basement of a building which was used in part as the office portion of a gasoline station selling Sinclair products. The premises had been leased by the appellees, James C. and John J. Toomey as trustees, to the appellant, Sinclair Refining Company, which in turn had sublet the premises to one Muldrow. According to a pretrial order, the latter claimed that the conditions existing at the stairwell at the time of the injury were "exactly and precisely the same as" when Muldrow took over occupancy of the premises under his lease from Sinclair.

The case went to trial upon the claim of the injured plaintiff against Sinclair, the Toomeys and Muldrow, and the jury returned a verdict in her favor.[1] Sinclair had cross-claimed against the Toomeys seeking indemnity, or in the alternative, contribution from the Toomeys. The latter had cross-claimed against Sinclair seeking indemnity on the contention that Sinclair was obliged to make all repairs to the premises and was in full control thereof. Alternatively, the Toomeys sought contribution.

The trial judge found that at all times pertinent the dangerous condition complained of had been obvious and known to all of the defendants, and concluded that each was entitled to contribution from both of the other respective co-defendants as joint tortfeasors. In his opinion the trial judge said:

"My view, therefore, is that the effort on the part of each defendant to throw the onus of blame on another cannot be sustained, and that each of the defendants is responsible for the maintenance of this public nuisance known to each and existing throughout, and long before, the term of the respective lease herein involved. Accordingly, I hold that each is answerable, equally with the others for damages to a third person who was injured thereby."

1. See details set forth. in Daly v. Toomey, 212 F.Supp. 475 (D.D.C.1963), affirmed this day, February 6, 1964, No. 17759—Muldrow v. Daly, No. 17875—Toomey, et al. v. Daly and No. 17879—Sinclair Refining Co. v. Daly, 117 U.S.App.D.C. —, 329 F.2d 886.

We have carefully considered the claims of error advanced in behalf of the appellant Sinclair, but find ourselves unpersuaded. The judgment is

Affirmed.